UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-mj-000 42 -SMM

UNITED STATES OF AMERICA,

v.

ARIEL MADERO PAEZ,
          Defendant,
_____/


FILED BY ___ D.C.
MAY 0 8 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
DIANA M. ACOSTA
Assistant United States Attorney
FL Bar No.      775185
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-466-0899
Email: Diana.Acosta@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint                               AUSA Diana M. Acosta

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
| ARIEL MADERO PAEZ, | ) 22-mj-00042-SMM |
|  | ) |
| Defendant(s) | ) |

FILED BY ___ D.C.
MAY 08 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  Jan. 14, 2022 thru March 22, 2022  in the county of  Martin  in the
 Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1347 | Health Care Fraud |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
Complainant's signature

Curtis Collison, Special Agent, HHS/OIG
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone-Facetime.

Date: May 8, 2022                                      _____
                                                        Judge's signature

City and state:   Fort Pierce, Florida         Shaniek M. Maynard, U.S. Magistrate Judge
                                                        Printed name and title

## AFFIDAVIT OF CURTIS L COLLISON III
## IN SUPPORT OF CRIMINAL COMPLAINT

I, Curtis Lee Collison III, a Special Agent of the United States Department of Health & Human Services, Office of Inspector General (hereinafter "OIG"), duly sworn, do hereby depose and state:

1. I am a Special Agent of the OIG assigned to the Miami Regional Office. As such, I am a law enforcement officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, and Title 42, United States Code.

2. I have been a Special Agent with the OIG for approximately twenty years and have been assigned to the Miami Regional Office of OIG since November of 2004. As an OIG agent, I have received training in and participated in fraud investigations related to health care fraud, bank fraud, mail fraud, wire fraud, identity theft, access device fraud, money laundering, and other major organized fraud schemes against HHS departmental programs, including those involving the submission of false and/or fraudulent claims for payment by Medicare. Prior to my tenure as an OIG agent, I was employed as an Intelligence Research Specialist with the United States Drug Enforcement Administration for three and a half years.

3. This affidavit is submitted in support of a criminal complaint charging ARIEL MADERO PAEZ ("MADERO") with health care fraud, in violation of 18 U.S.C. 1347.

4. This affidavit is based on my personal knowledge and investigation by others, including federal and local law enforcement officials whom I know to be reliable and trustworthy. The facts contained herein have been obtained by interviewing witnesses and examining documents obtained in the course of the investigation, as well as through other means.

5. As the affidavit is submitted for the sole purpose of establishing probable cause, I have not set forth all information known to me about this investigation. Rather, I have set forth those facts and information which I believe are sufficient to establish probable cause.

## MEDICARE PROGRAM

6. The Medicare program is a federal health insurance program for the elderly and disabled. The United States Department of Health and Human Services ("HHS") is responsible for the administration of the Medicare program. The Centers for Medicare and Medicaid Services ("CMS") is the component agency of HHS that administers and supervises the Medicare Program.

7. Medicare covers the costs of certain medically necessary clinical treatments, medications, and medical equipment, provided that the services/medications/equipment are ordered or prescribed by a physician who certifies that these services/medications/equipment are medically necessary for the treatment of the patient. The order or prescription for the medical equipment must be personally signed and dated by the Medicare beneficiary's treating physician.

8. Part B of the Medicare program is a medical insurance program that pays providers and suppliers, with the exception of inpatient healthcare facilities, directly for goods and services; an example of which is durable medical equipment. Durable medical equipment, also known as "DME," is equipment that is designed for repeated use and for a medical purpose, such as prosthetic limbs, back braces, knee braces, and wheelchairs. CMS has contracted with CGS Administrators, LLC ("CGS") to be the Durable Medical Equipment Medicare Affiliated Contractor ("MAC") for Jurisdiction C, which includes the State of Florida. CGS's contract responsibilities are to receive, adjudicate, process, and pay certain claims for durable medical equipment submitted to it by Medicare beneficiaries and providers of medical services in the State of Florida.

9. To receive payment from Medicare, Part B providers are required to include the referring or prescribing physician's unique identification number, the dates of the services provided, the diagnoses of the conditions requiring the services, and the procedures performed on the claim form. The identification system used by Medicare to identify rendering/referring/prescribing physician is known as the National Provider Identification Number ("NPI"). An NPI is issued to only one individual provider and is a unique identifier for that Provider. The referring physician is identified on each claim submitted using the physician's unique NPI. Additionally, each patient who visits a Medicare physician is identified by a unique identifier called a Health Insurance Claim Number ("HICN"). This number, also known as the patient's Medicare number, is composed of a unique string of numbers and letters assigned to one individual enrolled as a beneficiary in Medicare. Any claims received by Medicare without a referring/prescribing physician's NPI and a valid beneficiary's HICN are denied payment.

**ALWAYS MEDICAL SUPPLY LLC**

10. Florida Department of State records indicate that ALWAYS MEDICAL SUPPLY LLC ("ALWAYS") is a Florida limited liability corporation that was organized by INDIVIDUAL BJH on or about August 28, 2020, in Port St. Lucie, Florida, within the Southern District of Florida.

11. Florida Department of State records indicate that ALWAYS was reinstated as a Florida limited liability corporation that was on or about November 12, 2021, in Stuart, Florida, within the Southern District of Florida. This reinstatement identified INDIVIDUAL BJH and ARIEL MADERO as corporate officers and MADERO as the manager. The reinstatement also identified 300 S Colorado Avenue, #207, Stuart, FL 34994 as the new registered office address of ALWAYS.

12. Florida Department of State Records indicate that ALWAYS filed Amended Annual Reports on or about November 13 and 15, 2021, identifying INDIVIDUAL BJH and MADERO as the corporate officers for ALWAYS

13. Florida Department of State Records indicate that ALWAYS filed an Amended Annual Report on or about December 15, 2021, identifying MADERO as the sole member, manager, and registered agent for ALWAYS.

14. On or about, April 22, 2021, ALWAYS applied to Medicare to become an approved Medicare Part B durable medical equipment provider. This application was approved on or about August 28, 2021, and ALWAYS was assigned the Medicare Provider Number 7922960001. ALWAYS retained its National Provider Id number ("NPI") of XXXXXX0619 provided to INDIVIDUAL BJH on October 15, 2020.

15. On or about November 13, 2021, Medicare received and processed a change of ownership notification identifying MADERO as the new sole owner of ALWAYS on the Medicare record. An executed Business Purchase Agreement, dated November 13, 2021, was provided to Medicare, whereby INDIVIDUAL BJH, the previous owner of ALWAYS, sold the business (ALWAYS), to MADERO for the purchase price of $40,000.00

16. On or about January 14, 2022, under its NPI of XXXXXX0619, ALWAYS began submitting claims electronically to Medicare. These claims were received by Medicare, processed, and submitted for payment.

17. A review of initial Medicare claims data information reveals that from on or about January 14, 2022 through on or about March 22, 2022, ALWAYS submitted multiple claims to Medicare for purported dates of service ranging from August 27, 2021 to September 29, 2021.

During this time period, ALWAYS billed approximately $1,633,508 total for these claims, and Medicare paid ALWAYS approximately $1,058,023 for these claims.

18. All the claims submitted by ALWAYS to Medicare between January 14, 2022 and March 22, 2022 used the unique NPIs of eleven separate physicians (although claims were only paid for nine of the physicians whose NPIs were used). The NPI was used to identify the physician who allegedly examined the beneficiary and prescribed the durable medical equipment billed to Medicare for the beneficiary identified in the claims.

19. Four of the nine physicians represented on paid claims by ALWAYS to Medicare have submitted signed attestations to investigators, in which each physician denies having seen or treated any of the beneficiaries whom ALWAYS listed as receiving services from these physicians. All four physicians (and their staff) reviewed their records and were unable to find any of the identified patients in their files. All four of the physicians also denied having prescribed durable medical equipment to any of the beneficiaries identified in the claims attributable to them that were submitted by ALWAYS. These four physicians are represented as the prescribing physician for approximately 63% of the amount billed to Medicare on claims that were ultimately paid. Claims in which these four physicians allegedly prescribed services billed by ALWAYS represent approximately 64% of the dollars paid by Medicare to ALWAYS.

20. Based upon information provided by the Fraud Investigations Section at JP Morgan Chase Bank (Chase Bank), the funds paid by Medicare for the claims submitted by ALWAYS were paid into a Chase bank account ending -9225 ("Target Account 1") held in the name of "Always Medical Supply LLC." MADERO is listed as the sole signatory on this business account.

21. Based upon information provided by the Fraud Investigations Section at Chase Bank, the Medicare funds paid into Target Account 1 were subsequently transferred to a Chase Bank

account ending in -8625 ("Target Account 2"). Target Account 2 is held in the name of MADERO as the sole signor on the account.

22. Known identification information (MADERO's name, date of birth, social security number and Florida Driver License Number) that I provided to the Fraud Investigator at Chase Bank was compared by him to identification information associated with Target Accounts 1 and 2 in Chase Bank account records. The Fraud Investigator confirmed that the information I provided matched that of the sole signatory of Target Accounts 1 and 2.

23. Photographs of ATM transactions provided to me by the by the Fraud Investigations depicted MADERO conducting bank transactions involving Targe Accounts 1 and 2, the most recent of which occurred on May 5, 2022.

24. On May 6, 2022, MADERO stated to me upon initial contact at the Miami International Airport that he is Ariel MADERO PAEZ, owner of ALWAYS MEDICAL SUPPLY.

## CONCLUSION

Based upon my investigation and the above stated information, I have probable cause to believe that from on or about January 14, 2022, through on or about March 22, 2022, ARIEL MADERO PAEZ committed health care fraud, in violation of 18 U.S.C. 1347.

Curtis Lee Collison III
Special Agent
United States Department of Health & Human Services
Office of Inspector General

Subscribed and sworn to before me in Fort Pierce, Florida, this ___8th___ day of May 2022.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE