Case 2:22-cr-14029-DMM Document 7 Entered on FLSD Docket 05/19/2022 Page 1 of 18

Filed by ____ JC ____ D.C.

May 19, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 22-14029-CR-MIDDLEBROOKS/MAYNARD

Case No. _____

18 U.S.C. § 1347
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA,

vs.

ARIEL MADERO PAEZ,

    Defendant.

_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### The Medicare Program

1.     The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.     Medicare was/is a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

3. Medicare was/is subdivided into multiple program "parts." Medicare Part A covered health care services provided by hospitals, skilled nursing facilities, hospices, and home health agencies. Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME").

**The Medicaid Program**

4. The Florida Medicaid Program ("Medicaid") was a partnership between the State of Florida and the federal government that provided health care benefits to certain low-income individuals and families in Florida. The benefits available under Medicaid were governed by federal and state statutes and regulations. Medicaid was administered by CMS and the State of Florida's Agency for Health Care Administration ("AHCA"). Individuals who received benefits under Medicaid were commonly referred to as Medicaid "recipients."

5. Medicaid was funded with both federal and state money, and was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

**Durable Medical Equipment**

6. Durable Medical Equipment ("DME") was equipment designed for everyday or extended use and for a medical purpose, such as orthotic devices, speech generating devices, collagen dressing, prosthetic limbs, wheelchairs, nebulizers, and oxygen concentrators.

7. DME companies, physicians, and other health care providers that provided services to Medicare beneficiaries and Medicaid recipients were referred to as "providers."

8. To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain

reimbursement for services rendered to beneficiaries.

9. Enrolled Medicare providers agreed to abide by the policies, procedures, rules, and regulations governing reimbursement. Providers were given access to Medicare manuals and services bulletins describing billing procedures, rules, and regulations.

10. Medicare reimbursed DME companies and other health care providers for items and services rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

11. Medicare beneficiaries who were dual-enrolled Medicaid recipients or were enrolled in a Medicare Supplement insurance plan were referred to as "dual-eligible beneficiaries." To receive payment for dual eligible beneficiaries, providers submitted or caused the submission of claims to Medicare, Medicaid, or the supplemental plan either directly or through a billing company or MCO. Medicare would reimburse the primary cost (80%) and Medicaid, or the supplemental plan would cover the secondary cost (20%) for dual-eligible beneficiaries.

12. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment provided to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and unique Physician Identification Number ("NPI") of the physician who prescribed or ordered the equipment.

13. DME companies and other health care providers that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services were also required to apply for and receive an NPI.

14. A claim for DME submitted to Medicare qualified for reimbursement only if it was

3

medically necessary for the treatment of the beneficiary's illness or injury, prescribed by a licensed physician, and actually provided to the beneficiary as billed.

### The Defendant and a Related Entity

15. ALWAYS MEDICAL SUPPLY LLC ("ALWAYS") was a Florida corporation located at 300 Colorado Avenue, Suite 207, Stuart, Florida, that purportedly provided DME to Medicare beneficiaries.

16. Defendant **ARIEL MADERO PAEZ** was a resident of Orange County, Florida, and the owner, operator, and registered agent of ALWAYS.

17. On or about December 15, 2021, **ARIEL MADERO PAEZ** filed and caused to be filed an amended 2021 Florida Limited Liability Company Amended Annual Report with the Florida Department of State, Division of Corporations, identifying **ARIEL MADERO PAEZ** as the sole member, manager, and registered agent for ALWAYS.

18. Beginning on or about January 14, 2022, and continuing through on or about March 22, 2022, **ARIEL MADERO PAEZ** submitted and caused the submission of false and fraudulent Medicare claims on behalf of ALWAYS, seeking approximately $1,347,098.00 for DME that was not ordered by a physician as claimed. Based on these false and fraudulent claims, Medicare paid ALWAYS approximately $868,177.00.

19. **ARIEL MADERO PAEZ,** through ALWAYS, received Medicare claims reimbursements in the form of a physical check, which physical checks were sent and caused to be delivered via the United States Postal Service to ALWAYS at its office address in Martin County, Florida.

20. On or about November 17, 2021, **ARIEL MADERO PAEZ** became the sole signatory for the JP Morgan Chase corporate checking account number XXXXXXXX9225 in the

4

name of Always Medical Supply LLC.

21. On or about November 26, 2021, **ARIEL MADERO PAEZ** opened JP Morgan Chase Bank account number XXXXXXXX8625 in the name of **ARIEL MADERO PAEZ** in Orange County, Florida, of which he was the sole signatory.

22. Beginning on or about January 20, 2022, and continuing through on or about March 25, 2022, Medicare claims reimbursement payments were issued in the form of checks and electronic fund transfers payable to ALWAYS's JP Chase Bank account ending -9225, of which **ARIEL MADERO PAEZ** was the sole signatory.

## COUNTS 1 - 12
### Health Care Fraud
### (18 U.S.C. § 1347)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around January 2022, and continuing through in or around April 2022, in Martin County, in the Southern District of Florida, and elsewhere, the defendant,

**ARIEL MADERO PAEZ,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

(INTENTIONALLY LEFT BLANK)

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

4. **ARIEL MADERO PAEZ** submitted and caused ALWAYS to submit false and fraudulent claims to Medicare in the approximate amount of $1.35 million for DME that was medically unnecessary and not provided as represented.

5. As a result of such false and fraudulent claims, Medicare paid approximately $ 868 thousand to ALWAYS through its corporate bank account.

6. **ARIEL MADERO PAEZ** used the proceeds of the fraud for his personal use and benefit, and to further the fraud scheme.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

7. On or about the dates set forth below, in Martin County, in the Southern District of Florida, and elsewhere, the defendant did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, in that the defendant, through ALWAYS, caused the submission of false and fraudulent claims to Medicare and Medicaid, seeking reimbursement for the cost of DME, as set forth below:

| Count | Approx. Date of Claim Submission | Medicare Beneficiary | Medicare Claim Number | Item Claimed / Approx. Amount Claimed |
|---|---|---|---|---|
| 1 | Jan 20, 2022 | A.P. | 122020751451000 | E2510 Speech generating device/$787 |
| 2 | Mar 11, 2022 | D.B. | 122070731412000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 3 | Jan 31, 2022 | A.S. | 122031773001000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 4 | Mar 1, 2022 | M.C. | 122060740581000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 5 | Feb 2, 2022 | A.M. | 122033737888000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 6 | Mar 11, 2022 | C.AM | 122070731408000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 7 | Feb 1, 2022 | J.P. | 122032731580000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 8 | Mar 1, 2022 | M.A. | 122060740576000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 9 | Feb 1, 2022 | J.E. | 122032731581000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 10 | Mar 17, 2022 | A.S. | 122076737939000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 11 | Jan 31, 2022 | C.D. | 122031773006000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |
| 12 | Feb 23, 2022 | P.E. | 122054733603000 | L1005 Tension based scoliosis orthosis and accessory pads, incl fitting and adjustment / $3,325 |

In violation of Title 18, United States Code, Sections 1347 and 2.

(INTENTIONALLY LEFT BLANK)

## COUNTS 13-18
## Aggravated Identity Theft
## (18 U.S.C. § 1028A(a)(1))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. On or about the dates specified below, in Martin County, in the Southern District of Florida, and elsewhere, the defendant,

**ARIEL MADERO PAEZ,**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, that is, a scheme and artifice to defraud a health care benefit program, as charged in Counts 1 through 12 of this Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as specified in each count below:

| Count | Approximate Date Range | Means of Identification | Underlying Healthcare Counts |
|---|---|---|---|
| 13 | May 04, 2021 | Name and NPI # belonging to S.K. | Counts 1 & 2 |
| 14 | May 17, 2021 | Name and NPI # belonging to G.B. | Counts 3 & 4 |
| 15 | May 20, 2021 | Name and NPI # belonging to A.L. | Counts 5 & 6 |
| 16 | May 26, 2021 | Name and NPI # belonging to D.C. | Counts 7 & 8 |
| 17 | June 07, 2021 | Name and NPI # belonging to J.S. | Counts 9 & 10 |
| 18 | August 31, 2021 | Name and NPI # belonging to V.S. | Counts 11 & 12 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States certain property in which the defendant, **ARIEL MADERO PAEZ**, has an interest.

8

2. Upon conviction of a violation of Title 18, United States Code, Section 1347, as alleged in Counts 1–12 of this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to:

a. Cash in the amount of $6,241.00;

b. the contents of JPMorgan Chase Bank account # 657789225 in the name of Always Medical Supply LLC;

c. the contents of JPMorgan Chase Bank account # 785308625 in the name of Ariel Madero Paez.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

DIANA M. ACOSTA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO.: |
|---|---|
| v. | |
| ARIEL MADERO PAEZ, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____/ Defendant. | **Superseding Case Information:** |

**Court Division** (select one)
☐ Miami  ☐ Key West  ☑ FTP
☐ FTL  ☐ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take 5 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)              (Check only one)
   I   ☑ 0 to 5 days             ☐ Petty
   II  ☐ 6 to 10 days            ☐ Minor
   III ☐ 11 to 20 days           ☐ Misdemeanor
   IV  ☐ 21 to 60 days           ☑ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                    Case No.

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 22-mj-00042-SMM

8. Does this case relate to a previously filed matter in this District Court? (Yes or No)
   If yes, Judge                    Case No.

9. Defendant(s) in federal custody as of 5/9/2022
10. Defendant(s) in state custody as of
11. Rule 20 from the            District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _/s/ Diana M. Acosta_
DIANA M. ACOSTA
Assistant United States Attorney
FLA Bar No.    775185

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

UNITED STATES OF AMERICA

v.

ARIEL MADERO PAEZ,

_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   **No**

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   **No**

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____

DIANA M. ACOSTA
Assistant United States Attorney
FL Bar No.        775185
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-466-0899
Email: Diana.Acosta@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PENALTY SHEET

Defendant's Name: ARIEL MADERO PAEZ,

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1-12 | Health Care Fraud | 18:1347 | 10 Years' Imprisonment<br>$250,000 Fine<br>SR: 3 Years<br>$100 Special Assessment |
| 13-18 | Aggravated Identity Theft | 18:1028A(a)(1) | 2 Years Imprisonment consecutive to any other sentence;<br>$250,000 Fine;<br>SR: 1 Year;<br>$100 Special Assessment |
|  | Forfeiture |  |  |