UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14029-CR-MIDDLEBROOKS/MAYNARD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ARIEL MADERO PAEZ,

     Defendant.

_____/

<u>REPORT AND RECOMMENDATION ON CHANGE OF PLEA</u>

     **THIS CAUSE** comes before me upon an Order of Reference.  Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

     1.     I convened a hearing to permit the Defendant to change his plea in this criminal case on August 3, 2022.  The hearing was translated to the Defendant by the Court's Spanish language interpreter.  The Defendant indicated to me that he was able to understand what was being said to him throughout the hearing.

     2.     I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding.  I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case.  I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney

assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.     I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.     There is a written Plea Agreement which has been entered into by the parties in this case.  DE 22.  I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement.  The Defendant pleaded guilty to Counts 1 and 2 of the Indictment, which counts charge him with health care fraud, in violation of Title 18, United States Code, Sections 1347 and 2.

5.     The United States Attorney's Office agreed to seek dismissal of Counts 3-12 and Counts 13-18 of the Indictment, as to this Defendant, after sentencing.

6.     I reviewed with the Defendant the statutory maximum penalties applicable to Counts 1 and 2 of the Indictment.  The Defendant acknowledged that he understands the statutory penalties that apply in his case.

7.     The Plea Agreement contains several joint recommendations by the parties as to sentencing:

     a.   As to loss amount, the parties agree to recommend that the amount of loss resulting from the offense committed in this case is more than $1,500,000.00.

     b.   The parties also agree to recommend that the Defendant receive a two-level increase for being convicted of a health care offense involving a government health care program with a loss of more than $1,000,000.00.

     c.   The parties further agree to recommend that the Defendant receive a two-level increase since the offense otherwise involved sophisticated means and the

2

Defendant intentionally engaged in or caused the conduct constituting sophisticated means.

d.   The parties agree to recommend that the Defendant should not receive any adjustment for role in the offense.

e.   The parties agree to recommend that the applicable adjusted offense level under all the circumstances of the offenses committed by the Defendant is Level 26.

f.   The parties also agree to recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines and specifically that the Court impose a sentence of 55 months' imprisonment.

I explained to the Defendant that, although the parties may agree to make these recommendations, they are not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

8.      The Plea Agreement contains a forfeiture provision, which was reviewed with the Defendant.  The Defendant acknowledged that he is voluntarily abandoning to law enforcement all right, title, and interest in the property described in the Plea Agreement.

9.      The Plea Agreement also contains a provision regarding restitution, which was reviewed with the Defendant.  The Defendant acknowledged his understanding that restitution is mandatory.

10.      The Plea Agreement contains an appeal waiver in which the Defendant waives his right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement.   I explained the appeal waiver to the Defendant.   The Defendant

3

acknowledged that he understands the appeal waiver, has discussed it with his attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, he has waived or given up his right to appeal. As a result, I recommend to the District Court that the Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

11.     The parties submitted a written Stipulated Factual Basis in Support of Guilty Plea ("Stipulation"), which was signed by counsel for the Government, counsel for the Defendant, and the Defendant.  DE 24.  The Stipulation was read into the record.  The Defendant acknowledged that he signed the Stipulation, understands it, and has had the opportunity to fully discuss it with his attorney.  The Defendant agreed that the Stipulation is true and correct, and accurately sets forth the facts in his case as he understands them to be.  I find that the Stipulation sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

12.     Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Counts 1 and 2 of the Indictment freely and voluntarily.  I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Counts 1 and 2 as charged in the Indictment.

13.     The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's plea of guilty to Counts 1 and 2 of the Indictment be accepted; that the Defendant be adjudicated guilty of the offenses to which he pleads guilty; that the Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement; and that a sentencing hearing be conducted for final disposition of this case.

4

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida.  Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>3rd</u> day of August, 2022.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE